# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Tyler E.,
Respondent Below, Petitioner

v.)  No. 24-109 (Kanawha County 2023-DV-1137)

B.E., by Christina E.,
Petitioner Below, Respondent

## MEMORANDUM DECISION

The petitioner herein and respondent below, Tyler E., appeals from an order entered on January 16, 2024, by the Circuit Court of Kanawha County denying his appeal of the family court's domestic violence protective order ("DVPO").[1] The respondent herein and petitioner below, B.E., by Christina E., makes no appearance in this case.[2] On appeal, Tyler assigns numerous errors including the circuit court's failure to afford him a hearing as required by West Virginia Code § 48-27-510(c) and Rule 19(a) of the West Virginia Rules of Practice and Procedure for Domestic Violence Civil Proceedings. Upon review of the petitioner's brief and the appendix record, we conclude that the circuit court erred by affirming the DVPO issued by the family court without holding the requisite hearing. Therefore, under these limited circumstances, disposition by memorandum decision vacating the circuit court's order and remanding for further proceedings is appropriate. *See* W. Va. R. App. P. 21.

At the time of the underlying events, Tyler and Christina were divorced but shared custody of their son.[3] In her domestic violence petition, Christina alleged that Tyler had instructed their son to call and ask her to pick him up earlier than the time specified by the parties' parenting arrangement because Tyler did not have food or a place to live. She further claimed that, when she arrived to pick up their son, Tyler followed them to her car; kept their son's car door open after

---

[1] Tyler E. is self-represented. In cases involving sensitive facts, we use initials, rather than the parties' full names. *See generally* W. Va. R. App. P. 40(e) (restricting use of personal identifiers).

[2] B.E. is the parties' son; Christina E. is Tyler's ex-wife and the child's mother.

[3] The parties' son was approximately seven years old at the time of the events giving rise to this appeal.

she repeatedly asked Tyler to close it; eventually slammed the car door in the child's face, which frightened him; and then hung onto the front of the car when she attempted to drive away. She additionally alleged that Tyler had previously placed both her and their son in fear due to Tyler's "verbal abuse and acts of rage." By order entered December 7, 2023, the Magistrate Court of Kanawha County granted B.E., by Christina, an emergency order of protection. Thereafter, the Family Court of Kanawha County, by order entered December 11, 2023, granted Christina a ninety-day DVPO against Tyler and prohibited Tyler from visiting with the parties' son until further order of the court.[4]

The family court also referred the matter to the circuit court pursuant to Rule 48 of the West Virginia Rules of Practice and Procedure for Family Court[5] based upon Christina's allegations in the DVPO proceeding. On December 18, 2023, the Circuit Court of Kanawha County ordered the Department of Human Services ("DHS")[6] "to investigate the allegations set forth in the [family court's] written referral" and to "submit a written investigation report" to the circuit court by January 16, 2024. In its subsequent "Family Functioning Assessment," the DHS concluded that "MALTREATMENT IS UNSUBSTANTIATED; AS PER CPS POLICY AND CHAPTER 49 OF THE WEST VIRGINIA CODE." (Emphasis in original).

Also on December 18, 2023, Tyler appealed the family court's DVPO to the circuit court. By order entered January 16, 2024, the circuit court denied Tyler's appeal, ruling that "a hearing is not necessary in this matter and the findings of fact made by the family court judge are not erroneous and his application of the law to said facts is not an abuse of his discretion." From this order, Tyler now appeals to this Court.

"Upon an appeal from a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003).

---

[4] By subsequent order entered December 14, 2023, in the parties' divorce case, the family court temporarily suspended Tyler's parenting time commensurate with the duration of the DVPO.

[5] West Virginia Rule of Practice and Procedure for Family Court 48 directs a family court having "reasonable cause to suspect any minor child involved in family court proceedings has been abused or neglected . . . shall immediately report the suspected abuse or neglect to the state child protective services agency . . . and the circuit court[,]" Rule 48(a), and provide written referrals to both entities, Rule 48(b).

[6] Pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect proceedings, the agency is now the DHS.

Tyler assigns error to the circuit court's failure to afford him a hearing on his appeal from the family court's DVPO. Both the governing statute and court rule require the circuit court to hold a hearing on a domestic violence appeal from family court within ten days of the petition for appeal's filing. West Virginia Code § 48-27-510(c) directs that "[a] petition for appeal filed pursuant to this section [including an appeal from a final protective order] shall be heard by the court within ten days from the filing of the petition." *Id.* Rule 19(a) echoes this command. *See generally* W. Va. R. Prac. & P. for Dom. Violence Civ. Proc. 19(a) ("The circuit court shall hear the petition for appeal within ten (10) days after the petition is filed."). We have held that this hearing requirement is a mandatory obligation with which circuit courts are required to comply:

> The statutory language "shall be heard" that is set forth in West Virginia Code § 48-27-510(c) (Supp. 2003)[7] connotes in mandatory terms the obligation of the circuit court to afford a petitioner seeking relief from a domestic violence protective order the opportunity to appear and present argument in person in connection with a timely filed appeal unless affirmatively waived by the appealing party.

*John P.W.*, 214 W. Va. at 704, 591 S.E.2d at 262, Syl. Pt. 4 (footnote added).

Tyler timely[8] filed his appeal from the family court's DVPO on December 18, 2023, but the circuit court did not afford him a hearing as required by the foregoing authorities. Instead, the circuit court entered an order, nearly a month later on January 16, 2024, affirming the family court's DVPO, and stating that "a hearing is not necessary in this matter[.]" However, the circuit court did not have discretion to deny Tyler a hearing on his DVPO appeal unless he "affirmatively waived" a hearing, which he did not. *See John P.W.*, 214 W. Va. at 704, 591 S.E.2d at 262, Syl. Pt. 4, in part. Because this hearing requirement is mandatory, we find that the circuit court erred in affirming the family court's DVPO without first affording Tyler a hearing and therefore vacate the circuit court's order and remand for further proceedings.[9]

Finding error, we vacate the January 16, 2024, order entered by the Circuit Court of Kanawha County and remand for further proceedings.

---

[7] Although the Legislature has amended West Virginia Code § 48-27-510, the pertinent statutory language remains the same. *Compare* W. Va. Code § 48-27-510(c) (2001) *with* W. Va. Code § 48-27-510(c) (2006).

[8] *See* W. Va. Code § 48-27-510(b) (permitting appeals from final protective order by filing "a petition for appeal with the circuit court within ten days of the entry of the order by the family court").

[9] Having determined that the circuit court erred in deciding the merits of Tyler's DVPO appeal without holding a hearing thereon, we decline to consider Tyler's other assignments of error.

3

Vacated and Remanded.


**ISSUED:** June 1, 2026


**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III